FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALVIN ANDREWS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE HOUSING AUTHORITY, KELLY KEENAW, an individual, and MELYNN BEETHAM, an individual, WINDERMERE LEASE SOURCE, a corporation, WIEGO LIU, an individual,<br><br>Defendants. | No. 2:26-CV-0027-RLP<br><br>ORDER GRANTING MOTION TO DISMISS AND DIRECTING PLAINTIFF TO SHOW CAUSE |

Before the Court is Defendant's Motion to Dismiss Plaintiff Calvin Andrew's Third Amended Complaint[1], ECF No. 58, and Motion for extension of time to respond to Mr. Andrew's Third Amended Complaint, ECF No. 64. Mr.

---

[1]While the Motion was filed as a Second Amended Complaint, this is Mr. Andrew's third amended complaint. *See* ECF Nos. 1, 14, 39 and 49.

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE ~ 1

Andrews has filed two amended complaints in response to the Court's Order directing him to amend or voluntarily dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2). *See* ECF No. 27. In addition to the two amended complaints, Mr. Andrews has filed a substantial number of documents before the Court, nine of which have been interpreted as motions. ECF Nos. 28 (Emergency Omnibus Motion); 31 (Motion for Special Findings of Misrepresentation and Amended Motion to Compel Discovery); 33 (Motion to Compel Discovery and Production of Documents); 37 (Motion to Amend Declaration Re Material Misrepresentation); 49 (Emergency Motion for Default Judgement); 52 (Emergency Motion for Expedited Discovery and Subpoena for Metadata); 55 (Motion for Order Directing Service); 59 (Motion for Appointment of Counsel); and 65 (Motion for Marshal service).

Mr. Andrews originally initiated this *pro se* action on behalf of himself and his minor child but has since amended the pleadings leaving himself as the sole plaintiff. *Id*. By separate Order the Court granted Mr. Andrews leave to proceed *in forma pauperis*. ECF No. 5.

For the reasons set forth below, Defendants' motion to dismiss is granted and all other motions are denied as moot. Mr. Andrews is directed to show cause why his case should not be dismissed with prejudice.

## LEGAL STANDARD

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE ~ 2

to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1995 (2007); *see also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE ~ 3

"claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

## BACKGROUND

Mr. Andrews receives rental assistance through the federally subsidized Section 8 Housing. Mr. Andrews moved to an address on Hawthorne street in early 2025. ECF No. 49-2 at 33. It appears that he submitted a change of circumstances form on March 5, 2025, which Spokane Housing Authority missed in calibrating his rent payments. ECF No. 49-2 at 26. Mr. Andrews received assistance from the Northwest Justice Project in October 2025. *Id*. at 11. Mr. Andrew's portion of the rent was thereafter corrected from $1,274.00 to $458.00. *Id*. at 28.

It appears Mr. Andrews has failed to make any rental payments, even after the correction. Mr. Andrews alleges that he was without running water for 133 days between October 2025 and February 6, 2026. ECF No. 49 at 2. The record also shows that a hearing was held by the Spokane Housing Authority on December 16, 2025 concerning the matter. ECF No. 49-2 at 26.

## ANALYSIS

Mr. Andrew's Third Amended Complaint asserts a Section 1983 claim[2]

---

[2] While Mr. Andrews asserts the two as separate causes of action, there is no

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE  ~ 4

under the Brooke Amendment to the Fair Housing Act, 42 U.S.C. §1437; breach of the landlord's duty of maintaining habitability under Washington law, RCW 59.18.060; and a *Qui Tam* action under the False Claims Act, 31 U.S.C. § 3729.[3] Mr. Andrews also requests that the Court impose monetary sanctions against Defendants under Federal Rule of Civil Procedure 11. Defendants move to dismiss on the grounds that Mr. Andrews fails to plead causation, and his Amended Complaints fail to comply with the Courts order or federal pleading standards. The Court finds that Mr. Andrew's claims fail to establish a federal claim upon which relief can be granted.[4] The Court therefore dismisses the action with prejudice.

---

independent cause of action under the Brooke Amendment and is only privately enforced via 42 U.S.C. § 1983. *See Wright v. City of Roanoke Redevelopment & Housing Auth.*, 479 U.S. 418, 432, 107 S.Ct. 766 (1987). The Court separately notes that the Ninth Circuit has not yet addressed whether the Amendment remains enforceable following the Supreme Court's holding *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 145 S. Ct. 2219, 2234 (2025), which *overruled* Wright's reasoning. *See* 606 U.S. 357, 145 S. Ct. at 2234.

[3]It is seemingly under this basis that Mr. Andrews seeks whistleblower protection.

[4]The Court declines to address Mr. Andrews state law claims absent federal

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE ~ 5

*1. Fair Housing Act*

Section 1437a of the Fair Housing Act, also known as the Brooke Amendment, requires that shelter costs for tenants residing in federally subsidized public housing projects not exceed 30% of a tenant's income. 42 U.S.C. § 1437a(1) Mr. Andrews asserts a violation of the Brooke Amendment, alleging that he was charged rent in excess of his income. He fails, however, to allege any facts asserting that he has submitted any payments in excess of what he owes. Rather, by his own submissions, the record represents that the amount he owes in rent payments have been accurately adjusted in compliance with the Amendment. As such, no plausible claim has been stated under the Fair Housing Act.

*2. False Claims Act*

The False Claims Act (FCA) imposes civil liability on "any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" to the United States government. 31 U.S.C. § 3729(a)(1)(A)–(B) (citation modified); *see also Vt. Agency of Nat. Res. v. United States ex rel. Stevens,* 529 U.S. 765, 768–69, 120 S.Ct. 1858 (2000). A person who violates the FCA is liable for civil

jurisdiction.

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE ~ 6

penalties for each false claim plus treble damages. *See* 31 U.S.C. § 3729(a)(1); *United States ex rel. Sutton v. Double Day Off. Servs., Inc.*, 121 F.3d 531, 533 (9th Cir. 1997).

"The FCA is enforced through a unique public-private scheme where private parties…sue in qui tam actions that are brought in the name of the government against entities that have defrauded the government.'" *United States ex rel. Adventist Health Sys. of W. v. AbbVie Inc.*, 2026 WL 743495 at *3 (9th Cir. Mar. 17, 2026) (internal quotations and citations omitted).

Mr. Andrews' Third Amended Complaint is difficult to decipher. In alleging fraud, Mr. Andrews points to three separate payments of $582.00 to his landlord, Wiequo Liu, in a single month for a unit he states was uninhabitable. There is no context provided for these payments or articulation of why these payments suggest that a fraud occurred. Accordingly, Mr. Andrews has not stated a plausible claim under the FCA.

CONCLUSION

Mr. Andrews has not sufficiently supported his claims with factual allegations that would assist a reader to understand the factual basis of his claims. The Court therefore grants Defendants' Motion to Dismiss. All remaining pending motions are thus dismissed for mootness.

Mr. Andrews' federal claims appear to also be rendered moot given that the

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE ~ 7

Spokane Housing Authority adjusted the amounts owed. Mr. Andrews is therefore ordered to show cause, **within 14 days of this order,** why the Court should give him leave to renew.

**ACCORDINGLY, IT IS ORDERED:**

1.    Defendants' Motion to Dismiss, **ECF No. 58**, is **GRANTED.**

2.    Defendant's Motion for extension of time to respond to Mr. Andrew's Third Amended Complaint, **ECF No. 64**, is **DENIED** as moot.

3.    Mr. Andrews' remaining motions, **ECF Nos. 28, 31, 33, 37, 49, 52, 55, 59,** and **65, and any other pending motions** are **DENIED** as moot.

4.    Within 14 days of this order, Mr. Andrews is directed to show cause why the Court should grant leave to renew by alleging facts sufficient to confer federal jurisdiction.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide a copy to counsel and to Plaintiff.

**DATED** March 27, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE ~ 8