FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALVIN ANDREWS, D.A. an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE HOUSING AUTHORITY, KELLY KEENAN, an individual, and MELYNN BEETHAM, an individual, WINDERMERE LEASE SOURCE, a corporation, WIEGO LIU, an individual,<br><br>Defendants. | No. 2:26-CV-0027-RLP<br><br>ORDER DISMISSING MOTIONS |

Before the Court is Plaintiffs Calvin Andrews's Emergency Motion for Relief from Judgment, ECF No. 83, Emergency Motion for Appointment of Counsel, ECF No. 85, and Motion for a Temporary Restraining Order, ECF No. 86, Motion to Shorten Time, ECF No. 87. Mr. Andrews has also filed an *Ex Parte* Motion for a Temporary Restraining Order, ECF No. 89.

Judgment has been entered in this matter. Mr. Andrews's Motion for Relief from Judgment fails to set forth adequate grounds for relief from judgment. Accordingly, his Motion for Relief, ECF No. 83, is denied, and all remaining

ORDER DISMISSING MOTIONS ~ 1

motions, ECF Nos. 85, 86, 87 and 89 are denied as moot. This matter should remain closed.

LEGAL STANDARD

Rule 60(b) provides for reconsideration of a final judgment where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. FRCP 60(b).

"Rule 60(b) [ ] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." *Jeff D. v. Kempthorne,* 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting FRCP 60(b)).

Rule 60(b)(6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subpart (6) or any other part of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need

ORDER DISMISSING MOTIONS ~ 2

to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Mr. Andrews invokes subdivisions (2) and (3), which permit relief from judgment where there is fraud or newly discovered evidence.

*Fraud on the Court*

Federal Rule of Civil Procedure 60(d)(3) permits the Court to set aside judgment "for fraud on the court." Not all "fraud" constitutes "fraud on the court." Appellate courts set out a very high bar for application of this rule:

> Our own cases, similarly, have emphasized that not all fraud is fraud on the court. In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process. Fraud on the court must be an intentional, material misrepresentation. Thus, fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision.

> In addition, the relevant misrepresentations must go to the central issue in the case, and must affect the outcome of the case. In other words, the newly discovered misrepresentations must significantly change the picture already drawn by previously available evidence. In that vein, mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and perjury by a party or witness, by itself, is not normally fraud on the court unless it is so fundamental that it undermined the workings of the adversary process itself.

*United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167–1168 (9th Cir. 2017) (cleaned up).

ORDER DISMISSING MOTIONS ~ 3

*Newly Discovered Evidence*

"Newly discovered evidence" is that which was "previously unavailable." *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001). Relief under Rule 60(b)(2) "is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)). Further, "[e]vidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer*, 833 F.2d at 212.

## DISCUSSION

Mr. Andrews's request for relief raises a variety of factual circumstances. He alleges that Defendants altered a Change of Circumstance submitted to the Court in an attempt to alter the timelines. He further alleges that while this lawsuit has been ongoing, Mr. Andrews was served with a housing termination notice based on a domestic violence order entered against him by a co-habitant. He alleges due process violations concerning those proceedings. He also raises concerns regarding

ORDER DISMISSING MOTIONS ~ 4

an alleged settlement between his property management and the Spokane Housing Authority (SHA). As discussed below, none of the factual scenarios raised warrant relief.

*Change of Circumstances Form*

Mr. Andrews alleges that he didn't submit a Change of Circumstance form until March 5, 2025, so Defendants' exhibit showing a Change of Circumstance Form stamped on February 25, 2025 was "fraud on the Court."

The document Mr. Andrews appears to be referring to is ECF No. 24, Exh. 13. According to the declaration of Michelle Gallelegos, Mr. Andrews submitted the Change of Circumstance form on February 25, 2025, and again on May 13, 2025. The form Ms. Gallelegos alleges to have received on May 13, 2025 is identical to the form Mr. Andrews alleges he sent on March 5, 2025. Both copies are signed May 13, 2025. In both those copies, Mr. Andrews states both that his change of income occurred on March 18, 2025, and that his income decreased in January 2025. *Id*. As Mr. Andrews's signatures in his own filings make clear, he submitted a second form on May 13, 2025, which is different from the form Ms. Gallelegos received from him in February. ECF No. 84-1 at 12, 15. This is not a case of fraud or misrepresentation but rather Mr. Andrews's own confusion.

*May 18, 2026 Notice*

Mr. Andrews alleges that on May 18, 2026, SHA served him with a Notice

ORDER DISMISSING MOTIONS ~ 5

stating that his housing would be terminated retroactively, from December 31, 2025, because SHA received reports of domestic violence perpetuated by him against another household member, and notified him of his right to a hearing.[1] ECF No. 84 at 3, ¶6; 84-1 at 5. It appears that this is based on a March 30, 2026, Superior Court order restraining Mr. Andrews and protecting his roommate, Ms. Talina Brown. ECF No. 91-1 at 2.[2]

Mr. Andrews alleges that by assuring this Court on January 26, 2026, that

---

[1] Mr. Andrews appealed the decision, and a hearing was held on June 10, 2026. ECF No. 84-1 at 7. The hearing was adjudicated by Kelly Keenan, who is a defendant in this matter. ECF No. 91, ¶2. During the hearing, Mr. Keenan explained that because Mr. Andrews has an active housing voucher, but does not have a newly signed lease, SHA intends to retroactively date his termination back to December 31, 2025, the date the last physical lease ended. ECF No. 91, ¶3. Mr. Andrews alleges that he requested a stay during the hearing, citing this proceeding, and while it seems that the hearing was terminated, he was provided no record of the stay. ECF No. 91, 6. While this indeed raises concerns about impartiality, it does not constitute "newly discovered evidence" or "fraud."

[2] The full order is not provided, but it indicates that it is through March 30, 2027. *Id.*

ORDER DISMISSING MOTIONS ~ 6

Mr. Andrews's Section 8 housing voucher was active, Defendant fraudulently induced the Court to dismiss the case for mootness ECF No. 83 at 2, ¶1. He argues that it is inconsistent to say that the voucher was active and then retroactively terminate it, and SHA is thus barred by judicial estoppel. ECF No. 92 at 5.

This allegation does not warrant relief for several reasons. First, that Mr. Andrews's housing voucher was active was not a basis on which the Court dismissed this action. Second, Mr. Andrews's own allegations suggest that his housing voucher remains active, pending an applicable lease. Finally, despite Mr. Andrews's best attempts, his allegations do not demonstrate fraud on the Court. Mr. Andrews argues that this is evidence Defendants fraudulently backdated the letter to terminate his housing, ECF No. 84 at 3, ¶2, and because the protection order was filed on March 30, 2026, and SHA was not notified of the Order until May 4, 2026, it can be inferred that SHA is using the Order as a post-hoc reason to justify the termination of Mr. Andrews's housing. ECF No. 91, 4-5. He argues that this is further supported by Defendants' miscalculation of his rental payments. ECF No. 91, 8. Even if the Court was convinced by these speculative assertions, it would not have changed the disposition of the case. *See Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). Here, Mr. Andrews's Complaint was dismissed due to repeated pleading deficiencies, failure to establish federal jurisdiction, and untimely responses.

ORDER DISMISSING MOTIONS ~ 7

*Allegations Concerning a $10,000 Debt*

Mr. Andrews also alleges that he has discovered that SHA concealed an administrative settlement in November 2025, wherein Defendant paid a disputed $10,000 to Windermere Management. ECF No. 83 at 3, ¶5, 6 at ¶5. He theorizes that "[i]nstead of updating the record Defendants used this hidden [t]ransaction to forget Plaintiff's household, inflating completely unadjudicated, retaliatory financial penalty of nearly $10,000 against a disabled senior on fixed income to manufacture a fraudulent pretext for eviction." ECF No. 83 at 5, ¶10. He seems to believe that he was accused of harboring this debt, but provides no factual basis for this assertion. ECF No. 84 at ¶16. As discussed above, this information would not cure the deficiencies upon which this dismissal was based.

CONCLUSION

For the reasons discussed, Mr. Andrews's Motion for Relief from Judgment is denied, and all remaining motions pending are denied for mootness.

**ACCORDINGLY, IT IS ORDERED:**

1.    Mr. Andrews's Motion for Relief from Judgment, **ECF No. 83**, is **DENIED**.

2.    All other motions currently pending before the court in this matter are DISMISSED as moot.

ORDER DISMISSING MOTIONS ~ 8

3.    Mr. Andrews may not continue filing documents in this **closed case**. **ANY FURTHER MOTIONS FILED BY MR. ANDREWS IN THIS CLOSED CASE NOT SPECIFICALLY PERMITTED BY LAW TO BE FILED IN CLOSED CASES, WILL NOT BE CONSIDERED BY THE COURT AND WILL BE STRICKEN FROM THE DOCKET.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide a copy to Plaintiff.

**DATED** July 10, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING MOTIONS ~ 9